UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAYMOND LAMONT BARTEE, *also known as* RAYMOND EL BEY ALI,<br><br>    Petitioner,<br><br>  v.<br><br>WARDEN LOMBARDO,<br><br>    Respondent. | Case No. 24–cv–08207–ESK<br><br><br>OPINION |

**KIEL, U.S.D.J.**

  **THIS MATTER** is before the Court on petitioner Raymond Lamont Bartee's amended petition for writ of habeas corpus (Amended Petition). (ECF No. 4). For the following reasons, I will dismiss the Amended Petition for lack of jurisdiction and as moot.

  **I.**   **FACTS AND PROCEDURAL HISTORY**

  Petitioner submitted his original habeas corpus petition on August 1, 2024. (ECF No. 1.) I administratively terminated the case on August 7, 2024 as petitioner had not paid the filing fee or submitted an *in forma pauperis* application. (ECF No. 3.) Petitioner paid the filing fee and the Clerk reopened the case on August 16, 2024. He submitted the Amended Petition on August 16, 2024. (ECF No. 4.)

  Petitioner alleged that he was being held unlawfully in the Atlantic County Jail (Jail) because the county clerks refused to give him documents that he needed to appeal his bail denial. (*Id.* p. 3.) He further alleged that Middletown Township police officers searched his room without a search warrant and that the state court judge had improperly denied his request to be

released on bail. (*Id.* p. 7.) He asked for immediate release from confinement, for the prosecution of the officers, and for compensation for the time he spent in the Jail. (*Id.* p. 8.) On December 2, 2024, petitioner submitted a letter indicating that he had been released from the Jail. (ECF No. 7.)

## II. LEGAL STANDARD

Title 28, Section 2243 of the United States Code provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A habeas corpus petition is the proper mechanism for a federal prisoner to challenge the "fact or duration" of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498–99 (1973); *see also Muhammad v. Close*, 540 U.S. 749 (2004).

A *pro se* pleading is held to less stringent standards than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A *pro se* habeas petition must be construed liberally. *See Hunterson v. DiSabato*, 308 F.3d 236, 243 (3d Cir. 2002). Nevertheless, a federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4 (made applicable through Rule 1(b*)); see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985), *cert. denied*, 490 U.S. 1025 (1989).

## III. DISCUSSION

I lack jurisdiction pursuant to § 2241 to initiate criminal charges against the Middletown Township officers. "[D]ecisions regarding the filing of criminal charges are the prerogative of the executive branch of government, are consigned to the sound discretion of prosecutors, and under the separation of

powers doctrine are not subject to judicial fiat." *Tufano v. Reddit, Inc.*, No. 3:24–cv–1114, 2024 WL 5085969, at *5 (M.D. Pa. Nov. 8, 2024), *report and recommendation adopted*, No. 3:24–cv–1114, 2024 WL 5078105 (M.D. Pa. Dec. 11, 2024). Therefore, I must dismiss this request for relief.

Furthermore, monetary damages for alleged civil rights violations are not available in habeas corpus proceedings. This sort of relief must be pursued in a civil rights complaint filed pursuant to 42 U.S.C. § 1983. *See Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002) ("Section 1983 … provides for liability on the part of any state actor who 'subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws.'" (quoting 42 U.S.C. § 1983)). I decline to convert this action into a civil rights complaint as petitioner has already filed a § 1983 complaint raising these claims. *Bartee v. Gibson*, No. 24–cv–08326 (D.N.J. filed Aug. 7, 2024).

Finally, the Amended Petition is moot to the extent it challenges petitioner's pretrial detention because petitioner has been released from the Jail. (ECF No. 7.) Under Article III of the Constitution, federal courts will only have jurisdiction over a matter where there is a live case or controversy to be resolved. *See, e.g.*, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings [and for jurisdiction to exist the] parties must continue to have a 'personal stake in the outcome of the lawsuit.'" *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477–78 (1990)). The Court can grant petitioner no further relief pursuant to § 2241, so the Amended Petition is moot and must be dismissed. To the extent a certificate of appealability is required, I decline to issue one because reasonable jurists would agree that the petition is moot after petitioner's release. 28 U.S.C. § 2253; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

3

## IV. CONCLUSION

For the reasons stated above, I will dismiss the Amended Petition for lack of jurisdiction and as moot. (ECF No. 4.) No certificate of appealability shall issue. An appropriate Order accompanies this Opinion.

                                                  */s/ Edward S. Kiel*
                                                  **EDWARD S. KIEL**
                                                  **UNITED STATES DISTRICT JUDGE**

Dated: December 16, 2024